## No. 10,343.

## THE CANAL AND CLAIBORNE STREET RAILROAD COMPANY VS. THE CRESCENT CITY RAILROAD COMPANY.

The City of New Orleans, by delegated power from the Legislature, has the paramount control and regulation of the streets of the city, and can grant the use of street railway already constructed, to another which she has authorized to be operated.

The City Council can not grant the exclusive use of the streets to a street railway, and deprive succeeding councils of the power of performing the duty of regulating the use of the streets in such manner as it may deem best for the public interests.

The proprietary right which a street railway has on its tract is subject to the right of eminent domain.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

---

*J. R. Beckwith* for Plaintiff and Appellant:

Under both the Constitution of 1868 and 1869, private property cannot be taken or damaged for any public use until full compensation is made. Act 110, Constitution 1868, Constitution 1879, Article 156.

When any individual or corporation is to be divested of property for any public use, against the will of the party to be divested, a strict compliance with the law providing for expropriation the conditions precedent to taking the property must be strictly complied with or title and rights are not divested, and the party claiming to have divested any one of property or right, must affirmatively show full compliance. Cooley on Const. Lim. 528; Gillenwater vs. R. R. Co., 13 Ill. 1; Stanford vs. Warn, 27 Cal. 171; Nicholls vs. Bridgeport, 23 Conn. 189; Judson vs. Bridgeport, 25 Conn. 428; People vs. Brighton, 20 Mich. 57.

If a statute or reservation in a grant of property or franchise only authorizes proceedings *in invitum*, after an effort has been made to agree with the owner of the property taken on the compensation to be paid, there can be no taking of property or expropriation until there has been a *bona fide* effort to agree on the value or compensation to be paid, and a failure to agree. If, as in this case, the condition of appellant's grant was as contended for by appellee, no right or property could be taken away from appellant until the city of New Orleans had made a lawful attempt to come to an agreement with appellant for compensation. No colorable right to even appoint appraisers arose until after such attempt and its failure. Ordinance 1204, City of New Orleans; Cooley on Const. Lim. 528; Reitenburg vs. R. R. Co., 21 Penn. St. 100.

Until payment is actually made, the title to expropriated property does not vest in the party expropriating; payment is a condition precedent. Cooley on Const. Lim. 529; Stacey vs. R. R. Co., 27 Vt. 44; R. R. Co. vs. Nesbit, 10 How, 395; Bloodgood vs. R. R. Co., 18 Wend. 10; Gillenwater vs. R. R. Co., 13 Ill. 1.; N. O. R. R. Co. vs. Legarde, 10 Ann. 150; Grellan vs. Hutchinson, 16 Cal. 153; Mills on Eminent Domain, Sec. 130, and cases cited.

The consent or grant of State or municipal authorities cannot operate to transfer private property or release damages. Such consent can only protect grantee from indictment as a public nuisance, but not against the claim of those whose property rights are involved. Mills on Eminent Domain, Sec. 134, and cases there cited.

----

*John M. Bonner* for Defendant and Appellee:

The plaintiff has no exclusive right to construct street railways on Canal street. A grant is not exclusive, unless so declared in express terms.

In this case, it is expressly declared that the grant shall not be exclusive. Art. 150, p. 428, Jewell's Digest.

" Where no exclusive grant is given, the Legislature may, at will, and without compensation to the first company, authorize a second grant on the same streets or line." Dillon on Munic. Corps., 2d Ed., sec. 578.

Had the Council granted the defendant the right to construct a road on Canal street, instead of granting the use of plaintiff's tracks, defendant's cars, running thereon, would have carried the same number of passengers as now ride in its cars, and plaintiff would have no legal ground to complain of a loss of its traffic.

If, therefore, the plaintiff had the right to charge defendant trackage, that charge should be based exclusively on the wear and tear of plaintiff's road by the use of extra cars. See Metropolitan R. R. vs. Highland R. R., 118 Mass. 290, where the question is fully discussed.

The Legislature may repeal the charter of a street railway corporation, where the right to do so is reserved, and may authorize a new company to take any property of the old of the corporation upon making compensation. Greenwood vs. R. Co., 105 U. S. 13.

Where the right to lay tracks in a street is granted upon condition that the right to use them by another company may be granted upon compensation to be fixed by the Council, in case the companies cannot agree, the condition is binding. Railroad Co. vs. Railroad Co., 36 Ohio St. 239.

The passage of Ordinance No. 1204, and the acceptance of its terms by plaintiff, in laying its track and constructing its road thereunder, constitutes a contract between the plaintiff and the city, and the conditions of the contract cannot be changed without the consent of the city and of the defendant, its beneficiary. 105 U. S. 13; 36 Ohio St. 239.

This contract originated under the Constitution of 1868, and if this were the taking of private property, where the Constitution does not require prepayment, " it is held in most of the States that compensation need not precede an entry upon the property." Constitution of 1868, Article 110; Lewis on Eminent Domain, sec. 456, and authorities there cited.

" The owner may, by his action, waive his right to the prepayment of damages    *    *    *

If there was a waiver in fact, either express or implied, by acquiescing in the proceedings of the company to the extent of not insisting upon prepayment as a condition precedent, but consenting to let the damages lie and remain a mere debt, then the corporation is not a trespasser, or ·liable to ejectment." Mills on Eminent Domain, sec. 140 ; 35 Ann. 924 ; 39 Ann. 427.

In the St. Julien case, 35 Ann. 924, "the complaint was that the company entered the lands without the owners' consent, without buying or offering to buy, or expropriating them, and that it should not expect nor be permitted to use his property without some compensation, but should be prohibited from trespassing upon it, and he claims, therefore, one dollar per day for its use. * * The suit is substantially a demand for rent, which we do not think he can maintain, but must be remitted to his action for compensation."

The facts in that case show that no opposition was made to the taking.

In the present case, active assistance was given by the plaintiff to facilitate the entry of defendant's cars upon its tracks.

The opinion of the Court was delivered by

McEnery, J. This is a suit to recover from the defendant company the value of the use of the street railroad tracks of the plaintif, on Canal street, from its terminus, on Canal street, near the Levee, up the north side of Canal street to Carondelet, and from the intersection of St. Charles street, both the Canal street tracks on the south side of Canal street to the terminus, near the Levee — total length of track, 3900 feet.

Compensation is claimed from September 8, 1881, the date the defendant company commenced using plaintiff's track, at the rate of four cents traveled by each car of the defendant company, amounting to $15,040 £0.

The plaintiff alleges that no other company has any right to use its track without its consent, for any purpose of traffic or carriage of passengers.

The defendant company filed an exception, which was referred to the merits, and then answered, denying that plaintiff had a right to demand pay for the use of its road, as demanded, and that if they had any right to demand compensation for the use of its road, four cents a mile for each car was too much, and claim that the. ordinances of the City of New Orleans point out the manner in which compensation for the use of the road must be estimated and regulated.

The defendant took several bills of exception to the introduction of testimony — some seven in number. They all go to the effect of the testimony, and it was properly admitted.

There is but one question to determine in the case :

Was the defendant company authorized by legislative provisions to use the track of the plaintiff, and in granting the permission was the mode· of compensation regulated ?

Complete authority has been granted by the General Assembly to the City of New Orleans over the streets. The City of New Orleans has

paramount control and regulation of them. The operation of a street railway is the exercise of the public right of way over the streets. The street belongs to the public. The proprietary right which a street railway has in its track is therefore subject to the right of eminent domain over its streets vested in the city.

The City Council may, in the exercise of the power delegated to the corporation in the control and regulation of the streets, grant to one company the right of way over them, and afterwards grant the right of way over a part of the same railway to another company.

The City Council is without power to grant the exclusive use of a street, which belongs to the public, to a railway company. It cannot thus deprive succeeding councils of the power of performing the duty of regulating the streets as may seem to them to be for the best interest of the public.

There can be no doubt but that the Crescent City Railroad Company had the right to construct and operate its railway, and a part of the line covered a part of the plaintiff's track, on Canal street, and the intersection at St. Charles street, as described in the petition. And there can be no doubt but that the defendant company had been granted the use of the plaintiff's railway, and that with the consent of plaintiff it peaceably put its cars on plaintiff's track and has kept them running on a part of it since that time.

Before the operation of defendant's street railway the City Council, in 1868, passed the following ordinance :

" Should the City of New Orleans, at any time during the existence of the contract of 6th of May, 1867, between it and the Canal and Claiborne street Railroad Company, enter into any arrangements with other companies *whereby said road on Canal street,* from Claiborne street to Front Levee street; and from Front Levee street to Claiborne street, or *any part thereof, may be granted,* the City of New Orleans, or the road or roads to which *the privilege may be granted, shall reimburse* to the Canal and Claiborne Street Railroad Company, *a fair and reasonable proportion of the value of the portion or portions of the road to be used;* and should said proportion not be agreed upon between said Canal and Claiborne Street Railroad Company and the City of New Orleans, or the said road or roads, two disinterested persons shall be appointed, one by the City of New Orleans or the road or roads, as the case may be, and the other by the Canal and Claiborne Street Railroad Company; and in the event of a disagreement *as to the said proportion to be paid,* between said persons thus appointed, a third person or umpire shall be appointed by the judge of one of the district courts of the Parish of Orleans, and

the decision thereby had, shall be final and binding." Ordinance No. 1204 N. S., page 427, Jewell's Dig., Article 151.

In this ordinance the City Council has not only granted the privilege to another company, which it may authorize to operate a street railway to use the track already constructed, but it has pointed out, and regulated, the manner in which compensation must be made.

The city had the undoubted power to grant the privilege of the right of way and regulate the manner in which one street railway using the track of another should make compensation. 28 Am., L. Reg. 765.

The plaintiff company has failed to follow the requirements of the ordinance.

Judgment affirmed.